FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 0 5 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

STEPHEN GRIEGO

                                                     PLAINTIFF

vs.                           Case No. 4:20cv1309-LPR

LENNOX INDUSTRIES, INC.    This case assigned to District Judge _Rudofsky_

                              and to Magistrate Judge _Harris_      DEFENDANT

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendant Lennox Industries, Inc. gives notice of the removal of this action from the Circuit Court of Pulaski County, Arkansas, to the United States District Court for the Eastern District of Arkansas based on the existence of diversity jurisdiction and upon the existence of a federal question. In support of this Notice of Removal, Defendant states:

1.      This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases.

2.      This case, styled *Stephen Griego v. Lennox Industries, Inc.* was filed on September 22, 2020, in the Circuit Court for Pulaski County, Arkansas, No. 60CV-20-5307.

3.      Defendant was served with the Complaint and Summons on October 6, 2020. The Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty days of the service of the Complaint upon Defendant.

4.      Copies of the Complaint and Summons are attached hereto as Exhibit A, these constituting all process, pleadings, and orders served upon Defendant.

5.      The Circuit Court of Pulaski County, Arkansas lies in the Eastern District of Arkansas, Central Division, and thus, this Court is the appropriate venue for removal. 28 U.S.C. §§ 1441, 1446.

## DIVERSITY JURISDICTION

6.      Pursuant to 28 U.S.C. § 1332(a), diversity jurisdiction requires that the amount in controversy exceed "the sum or value of $75,000.00, exclusive of interest and costs." Further, the matter must be between citizens of different states. *Id*

7.      At the time of the commencement of this suit, Plaintiff was, and at the present time is, a resident of Arkansas. *See* Pl.'s Compl. at ¶ 1.

8.      Defendant is a Delaware corporation with its principal place of business in Texas. As such, Defendant is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the state of Arkansas within the meaning of the Acts of Congress relating to the removal of causes. Therefore, this suit is between citizens of different states.

9.      The amount in controversy exceeds the sum of $75,000.00. *See* 28 U.S.C. § 1332(a). Plaintiff's Complaint expressly states that he seeks damages "in an amount exceeding that required for diversity jurisdiction." *See* Pl.'s Compl. "In general, the amount demanded in the Complaint will be deemed to be the amount in controversy." *Skinner v. Empire Express, Inc.*, No. 6:17-CV-6040, 2017 WL 3228124, at *1 (W.D. Ark. July 31, 2017) (citing 28 U.S.C. § 1446(c)(2)).

## FEDERAL QUESTION JURISDICTION

10.     In addition, this action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331. Removal is appropriate because Plaintiff's Complaint raises a federal question, specifically, violation of the Family and Medical Leave Act ("FMLA"). *See Convent Corp. v. City of N. Little Rock*, 784 F.3d 479, 483 (8th Cir. 2015) (collecting cases) (explaining that the presence of "even one federal claim" allows a defendant to remove the entire

case to federal court); *Bloom v. Metro Heart Grp. of St. Louis, Inc.*, 440 F.3d 1025, 1031 n.2 (8th Cir. 2006) (noting that district court had federal question jurisdiction of FMLA claim).

11.    This Court has jurisdiction over Plaintiff's state law claim pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367(a) as it is so related to the federal claims as to form part of the same case or controversy under Article III of the U.S. Constitution.  Thus, this action is removable in its entirety.

12.    Undersigned counsel states that this removal is well grounded in fact, warranted by existing law, and not interposed for improper purpose.

13.    Defendant will file a copy of this notice of removal with the Pulaski County Circuit Court Clerk, in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Lennox Industries, Inc. gives notice of the removal of this cause to this Court from the Circuit Court of Pulaski County, Arkansas.

Eva C. Madison (98183)
Maggie Benson (2015077)
LITTLER MENDELSON, P.C.
217 E. Dickson Street, Suite 204
Fayetteville, AR  72701
Telephone:  479.582.6100
emadison@littler.com
mbenson@littler.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2020, a true and correct copy of the foregoing was mailed by regular U.S. Mail, postage prepaid, to:

Lucien R. Gillham
Sutter & Gillham, PLLC
P.O. Box 2012
Benton, AR  72018

Eva C. Madison

4826-8404-0399.2 021055.1120

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2020-Sep-22  14:43:04
60CV-20-5307
C06D02 : 4 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## __ DIVISION

**STEPHEN GRIEGO**                                          **PLAINTIFF**

     **VS.**                    **CASE NO. _____**

**LENNOX INDUSTRIES, INC.**                                **DEFENDANT**

**AFS:  Corporation Service Company**
      **300 Spring Building, Ste. 900**
      **Little Rock, AR 72201**

## COMPLAINT

COMES NOW THE PLAINTIFF, **STEPHEN GRIEGO,** by and through counsel, **SUTTER & GILLHAM, P.L.L.C.;** and, who, for his Complaint, states:

### PARTIES AND JURISDICTON

1.    Plaintiff is a citizen and resident of Arkansas, who worked for Defendant in Arkansas.

2.    Defendant, Lennox Industries, Inc., is a foreign, for-profit, corporation, doing business that substantially impacts interstate commerce, in Pulaski County Arkansas, their principal address is in Pulaski County, Arkansas, and their agent for service is in Pulaski County, Arkansas.

3.    Plaintiff brings these claims for violations of the Family Medical Leave Act, and the Arkansas Civil Rights Act, in an amount exceeding that required for diversity jurisdiction.

### FACTS

4.    Plaintiff began working for Defendant in 2003.

5.    At all relevant times, Plaintiff performed his duties satisfactorily.

6.    Plaintiff was a full time employee.

EXHIBIT A

7.    Plaintiff is a disabled vet. He has hip and knee issues as well as PTSD.

8.    These are chronic, long-term conditions that he has had for years, and will continue to have. He sees doctors more than twice a year for them. He gets treatment in the form of tests, therapy, and prescribed medications, ordered by physicians. If he did not get treatment for them, these conditions would likely become more serious and result in greater periods of incapacity.

9.    Plaintiff informed Lennox that he was going to physicians for these conditions in compliance with their rules and brought doctors notes.

10.    In 2016-2019, Defendant employed more than 50 people, full time, during more than twenty weeks of the calendar year.

11.    Accordingly, Plaintiff was an eligible employee under the FMLA.

12.    Defendant was a covered employer under the FMLA.

13.    Plaintiff had a serious health condition as defined by the FMLA.

14.    Yet Defendant failed to inform him of his rights and obligations under the FMLA, to offer FMLA, or to designate the leave as FMLA. They counted his absences against him in violation of the FMLA.

15.    Defendant fired Plaintiff for absences under the FMLA.

16.    Eventually, Plaintiff was allowed to come back and work for Lennox again.

17.    Plaintiff's conditions were the same.

18.    Plaintiff continued to need leave for those same conditions and bring in doctor's notes.

19.    Plaintiff gave appropriate notice of his need for leave within Lennox's rules.

20.    Defendants failed to inform him of rights, obligations under the FMLA, offer it, or designate it or refuse it as FMLA leave. They threatened Plaintiff's job and then fired Plaintiff in

December 2019 for absences that should have been FMLA leave, that he needed as accommodation for his disabilities.

## COUNT I

21.    Plaintiff restates the foregoing paragraphs as if fully stated herein.

22.    By virtue of the facts alleged herein, Defendants have violated Plaintiff's rights under the FMLA.

23.    As a result of Defendant's conduct, Plaintiff has lost wages and benefits.

## COUNT II

24.    Plaintiff restates the foregoing paragraphs as if fully stated herein.

25.    By virtue of the facts alleged herein, Defendant has violated Plaintiff's rights under the ACRA by engaging in disability discrimination and retaliating against him for requesting accommodation.

26.    As a result of Defendant's conduct, Plaintiff has lost wages and benefits, endured mental and emotional suffering, and lost earning capacity.

27.    Defendant's conduct has been in willful, malicious, reckless, and intentional violation of the law.

## JURY DEMAND

28.    Plaintiff demands a trial by jury.

## PRAYER

**WHEREFORE,** Plaintiff prays for the following relief: back pay, front pay or reinstatement; compensatory and punitive damages in an amount exceeding that required for diversity jurisdiction, reinstatement, designation as rehireable, cleansing of his personnel file, posting of the verdict at his workplace, an apology, appointment of monitor, creation of a hotline,

for reasonable attorneys' fees and costs, for other injunctive relief, for a jury trial, and for all other

appropriate relief.

Respectfully submitted,

**SUTTER & GILLHAM, P.L.L.C.**
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501/315-1910  Office
501/315-1916  Facsimile
Attorneys for the Plaintiff

By:     */s/ Lucien R. Gillham*
Lucien R. Gillham, Esq. ARBN 99-199
lucien.gillham@gmail.com

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2020-Oct-21 09:27:38
60CV-20-5307
C06D02 : 4 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
### DIVISION

**STEPHEN GRIEGO**                                                          **PLAINTIFF**

     VS.           **CASE NO. 60CV-20-_____**

**LENNOX INDUSTRIES, INC.**                                          **DEFENDANT**

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

**AFS:  Corporation Service Company**
       **300 Spring Building, Ste. 900**
       **Little Rock, AR 72201**

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiffs' attorney, whose name and address are: *SUTTER & GILLHAM*, Post Office Box 2012, Benton, AR 72018.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional Notices Included: _____

                                    CLERK OF COURT

Address of Clerk's Office:
Pulaski County Circuit Clerk         _____
401 W Markham, Ste. 120           [Signature of Clerk or Deputy Clerk]
Little Rock, AR 72201

                                      Date: _____
                                      [SEAL]

This summons is for **LENNOX INDUSTRIES, INC.**

## PROOF OF SERVICE

On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

On _____ _____[date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

On_____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____

[name and job description]; or

I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

Other [specify]:

I was unable to execute service because:

My fee $_____



Arkansas Judiciary

**Case Title:**       STEPHEN GRIEGO V LENNOX INDUSTRIES, INC

**Case Number:**   60CV-20-5307

**Type:**              SUMMONS - FILER PREPARED

So Ordered

*Jane Valenzuela*

Jane Valenzuela

Electronically signed by JDVALENZUELA on 2020-09-22 15:57:31     page 4 of 4

**USPS TRACKING #**

9590 9402 4011 8079 7334 63

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

**SUTTER & GILLHAM, P.L.L.C.**
310 West Conway
PO Box 2012
Benton, AR 72018

---

**SENDER: COMPLETE THIS SECTION**

**Complete items 1, 2, and 3.**

Print your name and address on the reverse
so that we can return the card to you.

Attach this card to the back of the mailpiece,
or on the front if space permits.

NO COVID SIGNATURE ACCEPTED

**RESTRICTED DELIVERY**

Attn: USPS - COURT'S REQUIRE &
**MUST HAVE SIGNATURE**
Corporation Service Company
300 Spring Building, Ste. 900
Little Rock, AR 72201

Article Number (Transfer from service label)
7005 1820 0004 7807 8836

Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                          ☐ Agent
                                           ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

OCT - 6 2020
ROCK AR

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt