ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2020-Sep-22  14:43:04
60CV-20-5307
C06D02 : 4 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
__ DIVISION

**STEPHEN GRIEGO**            **PLAINTIFF**

VS.      CASE NO. _____

**LENNOX INDUSTRIES, INC.**            **DEFENDANT**

AFS:    Corporation Service Company
        300 Spring Building, Ste. 900
        Little Rock, AR 72201

## COMPLAINT

COMES NOW THE PLAINTIFF, **STEPHEN GRIEGO,** by and through counsel, **SUTTER & GILLHAM, P.L.L.C.;** and, who, for his Complaint, states:

### PARTIES AND JURISDICTON

1. Plaintiff is a citizen and resident of Arkansas, who worked for Defendant in Arkansas.

2. Defendant, Lennox Industries, Inc., is a foreign, for-profit, corporation, doing business that substantially impacts interstate commerce, in Pulaski County Arkansas, their principal address is in Pulaski County, Arkansas, and their agent for service is in Pulaski County, Arkansas.

3. Plaintiff brings these claims for violations of the Family Medical Leave Act, and the Arkansas Civil Rights Act, in an amount exceeding that required for diversity jurisdiction.

### FACTS

4. Plaintiff began working for Defendant in 2003.

5. At all relevant times, Plaintiff performed his duties satisfactorily.

6. Plaintiff was a full time employee.

EXHIBIT A

7. Plaintiff is a disabled vet. He has hip and knee issues as well as PTSD.

8. These are chronic, long-term conditions that he has had for years, and will continue to have. He sees doctors more than twice a year for them. He gets treatment in the form of tests, therapy, and prescribed medications, ordered by physicians. If he did not get treatment for them, these conditions would likely become more serious and result in greater periods of incapacity.

9. Plaintiff informed Lennox that he was going to physicians for these conditions in compliance with their rules and brought doctors notes.

10. In 2016-2019, Defendant employed more than 50 people, full time, during more than twenty weeks of the calendar year.

11. Accordingly, Plaintiff was an eligible employee under the FMLA.

12. Defendant was a covered employer under the FMLA.

13. Plaintiff had a serious health condition as defined by the FMLA.

14. Yet Defendant failed to inform him of his rights and obligations under the FMLA, to offer FMLA, or to designate the leave as FMLA. They counted his absences against him in violation of the FMLA.

15. Defendant fired Plaintiff for absences under the FMLA.

16. Eventually, Plaintiff was allowed to come back and work for Lennox again.

17. Plaintiff's conditions were the same.

18. Plaintiff continued to need leave for those same conditions and bring in doctor's notes.

19. Plaintiff gave appropriate notice of his need for leave within Lennox's rules.

20. Defendants failed to inform him of rights, obligations under the FMLA, offer it, or designate it or refuse it as FMLA leave. They threatened Plaintiff's job and then fired Plaintiff in

December 2019 for absences that should have been FMLA leave, that he needed as accommodation for his disabilities.

## COUNT I

21.   Plaintiff restates the foregoing paragraphs as if fully stated herein.

22.   By virtue of the facts alleged herein, Defendants have violated Plaintiff's rights under the FMLA.

23.   As a result of Defendant's conduct, Plaintiff has lost wages and benefits.

## COUNT II

24.   Plaintiff restates the foregoing paragraphs as if fully stated herein.

25.   By virtue of the facts alleged herein, Defendant has violated Plaintiff's rights under the ACRA by engaging in disability discrimination and retaliating against him for requesting accommodation.

26.   As a result of Defendant's conduct, Plaintiff has lost wages and benefits, endured mental and emotional suffering, and lost earning capacity.

27.   Defendant's conduct has been in willful, malicious, reckless, and intentional violation of the law.

## JURY DEMAND

28.   Plaintiff demands a trial by jury.

## PRAYER

**WHEREFORE,** Plaintiff prays for the following relief: back pay, front pay or reinstatement; compensatory and punitive damages in an amount exceeding that required for diversity jurisdiction, reinstatement, designation as rehireable, cleansing of his personnel file, posting of the verdict at his workplace, an apology, appointment of monitor, creation of a hotline,

for reasonable attorneys' fees and costs, for other injunctive relief, for a jury trial, and for all other appropriate relief.

                              Respectfully submitted,

                              **SUTTER & GILLHAM, P.L.L.C.**
                              Attorneys at Law
                              P.O. Box 2012
                              Benton, AR 72018
                              501/315-1910  Office
                              501/315-1916  Facsimile
                              Attorneys for the Plaintiff

By:    */s/ Lucien R. Gillham*
          Lucien R. Gillham, Esq. ARBN 99-199
          lucien.gillham@gmail.com